1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| U.S. BANK N.A., | Case No. 2:15-cv-01006 |
|---|---|
| Plaintiff, | COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE LIEN, EQUITABLE SUBROGATION, AND QUIET TITLE |
| v. | |
| CHARLES G. ALLEN and KAZUMI ALLEN, husband and wife; WOODSIDE HOMEOWNERS CONDOMINIUM ASSOCIATION, a Washington association, PORTFOLIO RECOVERY ASSOCIATES, LLC, a Delaware limited liability company, and JOHN or JANE DOES 1-5, | |
| Defendants. | |

**COMES NOW** U.S. BANK N.A. ("U.S. Bank"), by and through its counsel of record, Fidelity National Law Group and Erin M. Stines, and hereby alleges its complaint against the Defendants as follows:

///

///

COMPLAINT – 1

FIDELITY NATIONAL LAW GROUP
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

**PARTIES**

1.1    Plaintiff is a national banking association, duly licensed and authorized to do business in the State of Washington.

1.2    At all relevant times, Defendants Charles G. Allen and Kazumi Allen were married as husband and wife having an interest in real property located at 111 NW Columbia Drive, #A-1, Oak Harbor, Washington 98277, and which is legally described as follows:

> UNIT 101, BUILDING C, WOODSIDE CONDOMINIUM, PHASE II, ACCORDING TO AMENDED DECLARATION THEREOF RECORDED OCTOBER 20, 1983, UNDER AUDITOR'S FILE NO. 416509, RECORDS OF ISLAND COUNTY, WASHINGTON; BEING A PORTION OF ELLMORE DONATION LAND CLAIM IN SECTIONS 34 AND 35, TOWNSHIP 33 NORTH, RANGE 1 EAST OF THE WILLAMETTE MERIDIAN.

> SITUATED IN ISLAND COUNTY, WASHINGTON.

("Subject Property")

1.3    Defendant Woodside Homeowners Condominium Association is a Washington association that has an interest in the Subject Property pursuant to Claim of Lien recorded under Island County Auditor's File No. 4326325 on October 31, 2012.

1.4    Defendant Select Portfolio Recovery Associates, LLC ("Select Portfolio") is a Delaware limited liability company that regularly attempts to collect defaulted third party debts from Washington consumers.

1.5    Select Portfolio may claim an interest in the Subject Property pursuant to Judgment filed under Island County Superior Court Cause No. 12-2-00656-8 on August 8, 2012.

COMPLAINT – 2

1    1.6    Plaintiff is unaware of the existence of any other persons or entities that

2  are liable to plaintiff for damages. The identity of said John or Jane Does 1-5 may be

3  determined during discovery.

4                            **JURISDICTION & VENUE**

5    2.1    This Court has original jurisdiction over this matter, pursuant to 28

6  U.S.C. § 1332, in that this is a civil action between citizens of different states and the

7  matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8    2.2    Venue is proper in Western District of Washington in Seattle pursuant

9  to Local Civil Rule 2(d)(1) as the claim arose in Island County and concerns real

10  property located in Island County.

11                           **FACTUAL BACKGROUND**

12    3.1    The subject matter of this action concerns the validity and

13  enforceability of a Deed of Trust and relative priority rights of certain recorded

14  interests, recorded and filed in Island County, Washington.

15    3.2    On or about June 28, 2010, Defendants obtained a refinance loan from

16  U.S. Bank. The loan was in the original principal amount of $186,746.00 ("Loan")

17  and evidenced by a Note signed Charles Allen of even date. A true and correct copy of

18  the Note is filed herewith as **Exhibit A**.

19    3.3    To secure repayment of the Loan, Charles Allen executed a Deed of

20  Trust ("Deed of Trust") to U.S. Bank whereby the parties to the Loan intended to

21  encumber the Subject Property. A true and correct copy of the Deed of Trust is filed

22  herewith as **Exhibit B**.

23  ///

COMPLAINT – 3

3.4     As a condition of the Loan, U.S. Bank required its Loan proceeds to pay off an existing Alaska USA Federal Credit Union loan made to Charles Allen on November 2, 2005, in the original principle amount of $191,900.00 ("Alaska USA Loan").

3.5     The Alaska USA Loan secured the Subject Property pursuant to a Deed of Trust recorded in a first lien position under Island County Auditor's File No. 4154356 on November 16, 2005. A true and correct copy of the Alaska USA Deed of Trust is filed herewith as **Exhibit C**.

3.6     In connection with U.S. Bank's Loan to Defendants, a payoff in the amount of $185,035.28 was paid by U.S. Bank to satisfy the Alaska USA Loan.

3.7     Once U.S. Bank paid off the Alaska USA Loan in full, a Full Reconveyance of the Alaska USA Deed of Trust was recorded under Island County Auditor's File No. 4278219 on August 3, 2010. A true and correct copy of the Full Reconveyance is filed herewith as **Exhibit D**.

3.8     The parties to the Loan intended to record the Deed of Trust as a first position lien; superior to all other interests in the Subject Property.

3.9     Inadvertently, the Deed of Trust was not recorded in 2010 as the parties intended.

3.10    To fully encumber the Subject Property, the Deed of Trust should have been signed by both Charles and Kazumi Allen, as Charles and Kazumi Allen had a community property interest in the Subject Property at the time the Loan was originated.

///

COMPLAINT – 4

FIDELITY NATIONAL LAW GROUP
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

3.11    Inadvertently, Kazumi Allen did not sign Note and Deed of Trust at closing.

3.12    The loan is in default and U.S. Bank seeks to reform the Deed of Trust to encumber both Charles and Kazumi Allen's ownership interest in the Subject Property.

3.13    More than two years after the Deed of Trust recorded, Woodside Homeowners Condominium Association filed a lien against the Subject Property.

3.14    More than two years after the Deed of Trust recorded, Defendant Select Portfolio filed a Judgment filed under Island County Cause No. 12-2-00656-8.

3.15    The Deed of Trust is senior to and prior in time to these aforementioned Defendants and any alleged interest in the Subject Property.

3.16    U.S. Bank seeks a declaratory judgment and quiet title placing its Loan in a first-lien position on the Subject Property.

3.17    U.S. Bank seeks a declaratory judgment decreeing that the Deed of Trust is reformed to include Kazumi Allen's signature and interest as was originally intended by the parties when U.S. Bank originated the Loan.

3.18    U.S. Bank's complaint is based on the principles of equity and equitable subrogation, full pay off of Alaska USA's Deed of Trust, and state law governing priority of mortgages over condominium dues and assessments and later filed judgments.

///

///

///

COMPLAINT – 5

FIDELITY NATIONAL LAW GROUP
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

## CLAIMS

### CLAIM ONE - DECLARATORY RELIEF

### As to All Defendants

4.1     Plaintiff re-alleges the matters set forth above.

4.2     In consideration for the Loan, the parties intended for a first position Deed of Trust to encumber the Subject Property.

4.3     To fully encumber the Subject Property, the Deed of Trust should have been signed by both Charles Allen and Kazumi Allen, as Charles Allen and Kazumi Allen had a community property interest in the Subject Property at the time the Loan was originated.

4.4     Accordingly, U.S. Bank is entitled to a declaratory judgment decreeing that the Deed of Trust is reformed to include Kazumi Allen's signature and interest as was originally intended by the parties when U.S. Bank originated the Loan.

4.5     Furthermore, to fully encumber the Subject Property and to fulfill the parties' agreements and intentions, the Deed of Trust should have been recorded on June 28, 2010, with the Island County Auditor.

4.6     Accordingly, U.S. Bank is entitled to a declaratory judgment, decreeing that the Deed of Trust is a valid, subsisting first position lien upon the Subject Property, affecting title to the Subject Property, and any and all interests, if any, of Defendants named herein as of June 28, 2010.

4.7     No third party will be prejudiced if the Court grants the declaratory relief requested herein by U.S. Bank.

///

COMPLAINT – 6

## CLAIM TWO – EQUITABLE SUBROGATION

### As to All Defendants

4.1     Plaintiff re-alleges the matters set forth above.

4.2     Pursuant to the doctrine of equitable subrogation, although U.S. Bank's Deed of Trust was not signed by Kazumi Allen and not recorded at the time the Loan originated, U.S. Bank nonetheless assumes the lien priority interest of any and all liens it paid off with the proceeds of its Loan when it originated its Loan.

4.3     Accordingly, U.S. Bank's Deed of Trust is senior to any and all interests, if any, of the Defendants named herein to the extent U.S. Bank's Loan proceeds were used to pay and satisfy senior liens – namely the Alaska USA Deed of Trust – at the time U.S. Bank made its Loan.

4.4     Accordingly, U.S. Bank is senior to all Defendants named herein for any and all interests, costs, fees, and charges that would be recoverable and secured by the terms of the Deed of Trust.

## CLAIM THREE – EQUITABLE LIEN

### As to All Defendants

5.1     Plaintiff re-alleges the matters set forth above.

5.2     In the alternative, U.S. Bank requests the Court determine it is entitled to equitable lien against the Subject Property, as of the date Deed of Trust was recorded.

5.3     In consideration for the Loan, the parties intended to fully encumber the Subject Property with the Deed of Trust and the parties intended to encumber the Subject Property in a first lien position.

COMPLAINT – 7

5.4     U.S. Bank is thereby entitled to an equitable lien on the Subject Property in the original principle amount of the Loan, together with interest, attorney fees and costs accrued from the date the Loan originated and the Deed of Trust was signed by Charles Allen on June 28, 2010.

## CLAIM FOUR – QUIET TITLE

### As to All Defendants

6.1     Plaintiff re-alleges the matters set forth above.

6.2     Consistent with the parties' original intentions to fully encumber the Subject Property and the interests of Charles Allen and Kazumi Allen.

6.3     Consistent with the parties' original intentions the Deed of Trust should be deemed a valid and subsisting lien against the Subject Property as of the date it was originally executed by Charles Allen on June 28, 2010.

6.4     U.S. Bank's lien on the Subject Property plus all associated interests, costs, fees, and charges that would be recoverable and secured by the terms of the Deed of Trust is therefore superior to any and all interests, if any, of the Defendants named herein and an order quieting title in favor of U.S. Bank should be entered.

**WHEREFORE** Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1.     That Defendants' interests in the Subject Property are deemed to be subject to the Deed of Trust;

2.     For U.S. Bank's attorneys' fees/costs incurred to reform the Deed of Trust and to establish its first lien position relative to Defendants' interests; and

3.     For such further relief as the Court may deem just and equitable.

COMPLAINT – 8

1    **DATED** this <u>23rd</u> day of June, 2015, at Seattle, Washington.

2

3                                                    FIDELITY NATIONAL LAW GROUP

4

                                                     <u>/s/ Erin M. Stines</u>
5                                                    Erin M. Stines, WSBA #31501
                                                     Fidelity National Law Group
6                                                    1200 – 6th Avenue, Suite 620
                                                     Seattle, WA  98101
7                                                    Erin.Stines@fnf.com
                                                     (206) 224-6005
8                                                    (206) 223-4527 – FAX
                                                     ***Attorneys for Plaintiff U.S. Bank***
9                                                    ***N.A.***

10

11

12

13

14

15

16

17

18

19

20

21

22

23

COMPLAINT – 9